IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONTE BOATMAN,** | |
| Petitioner, | |
| v. | Case No. 20-CV-257-SPM |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

# MEMORANDUM AND ORDER

**MCGLYNN, Judge:**

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) filed by Petitioner Monte Boatman ("Boatman"). For the reasons set forth below, the motion is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On December 16, 2009, Boatman was indicted by the grand jury on the following three counts in a four-count superseding indictment[1]: (2) Conspiracy to interfere with commerce by threats or violence in violation of Title 18, U.S.C. § 1951(a); (3) Interference with commerce by threats or violence in violation of Title 18 U.S.C. §§ 1951(a) and 1952; and (4) Possession of a firearm in furtherance of a crime of violence by a felon, in violation of 18 U.S.C. 924(c)(1)(A)(i-iii) (*Id.*). *United States v. Boatman* 09-cr-30084-SMY-5 at Doc. 35 (S.D. Ill.)(CR. 35).[2] There was also a forfeiture of firearm allegation.

---

[1] Boatman was not indicted on Count 1 of the superseding indictment.
[2] All documents cited to the criminal case will be designated as "CR.", while all documents cited in this case will be designated as "Doc.".

On August 11, 2010, Boatman entered a negotiated plea of guilty to one count of conspiracy to commit Hobbs Act robbery (count two), one count of Hobbs Act robbery (count three) and one count of use and carry a firearm during a crime of violence (Count 4) (CR. 127). A signed stipulation of facts was provided (CR. 129). Boatman admitted to meeting with his co-conspirators on June 15, 2009 in East St. Louis, Illinois regarding crack cocaine at another's residence (Id.). Boatman went to the residence in Alton, Illinois under the guise of purchasing crack cocaine, although the intent was to rob the seller/victim (Id.). Boatman carried a loaded pistol with him during the ride from East. St. Louis to Alton (Id.). Upon their arrival at the residence in Alton, one of the co-conspirators inquired about purchasing crack cocaine (Id.). After it was produced, Boatman pointed his pistol at the seller/victim and ordered him to lie on the ground while the other co-conspirators searched the residence (Id.). Once the co-conspirators left the residence, the victim/seller followed them from Alton to St. Charles, Missouri to Granite City to St. Louis, Missouri (Id.). Gunshots were fired during the chase, which ultimately ended when the fleeing vehicle crashed in St. Louis (Id.). Inside the vehicle, officers found suspected crack cocaine, which ultimately tested positive for 660 grams of cocaine base, and a Glock semi-automatic pistol (Id.).

On November 19, 2010, Boatman was sentenced to a total of 171 months, which broke down to 51 months concurrent on counts 2 and 3, to be served consecutively to 120 months imposed on count 4 (CR. 190). Upon his release, Boatman is to be on supervised release for 3 years on each of counts 2, 3 and 4, to run concurrently, as well as pay a $300 assessment fee and $2,779.56 restitution (Id.).

On March 9, 2020, Boatman filed a motion to vacate, set aside or correct sentence pursuant to §2255 regarding the sentencing imposed in 09-CR-30084-SMY-5 *(*Doc. 1). Within this motion, Boatman argues that the Supreme Court's recent decision in *United States v. Davis,* 139 S.Ct. 2319 (2019), should be applied and that his sentence for using and carrying a firearm during a crime of violence, predicated on a conspiracy to commit a Hobbs Act robbery, should be vacated (Doc. 1). According to the Federal Bureau of Prisons, Boatman is scheduled to be released from incarceration on February 26, 2022.[3]

On April 8, 2020, the federal public defender was appointed because Boatman's claim raised *United States v. Davis* (Doc. 4). On June 11, 2020, assistant federal public defender Melissa Day entered her appearance on behalf of Boatman (Doc.7). On June 25, 2020, Day moved to withdraw as she believed Boatman's robbery conviction still qualified as a crime of violence pursuant to §924(c)(3) (Doc. 8). As such, Day did not support that Boatman's conviction for use and carry of a firearm during a crime of violence was impacted by *U.S. v. Davis.* (*Id.*). Specifically, Day did not believe that she could file a non-frivolous amendment to Boatman's petition (*Id*).

On October 19, 2020, Day was terminated as counsel for Boatman, and a copy of the Order was forwarded to him (Doc. 19). On November 13, 2020, the Court received a letter from Boatman advising that he no longer had an attorney and would become his own counsel, but still felt as if *Davis* should apply (Doc. 14). On November 23, 2020, this Court granted Boatman an opportunity to supplement his motion and set a briefing schedule for the government's response and any reply (Doc. 15). On January 13, 2021,

---

[3] An inquiry was conducted on March 9, 2021 at www.bop.gov/inmateloc/.

the government responded to Boatman's motion (Doc. 16). In the briefing schedule, petitioner was granted 30 days from the filing of the response to file any reply (Doc. 15). To date, no reply has been received nor has Boatman sought an extension of time to file a reply.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, relief under Section 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996). A petitioner may avail himself of relief under § 2255 only if he can show that there "are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *Accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).

If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. *United States v. Galati*, 230 F.3d 254, 258 (7th Cir.2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir.1992).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir.

2003), *cert. denied*, 540 U.S. 926 (2003); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004). Accordingly, a petitioner bringing a § 2255 claim is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstance; (2) non-constitutional issues that could have been, but were not raised on direct appeal; or, (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994). Despite that general requirement, defendants are not required to raise ineffective assistance of counsel claims on direct appeal to preserve them for collateral appeal purposes. *Massaro v. United States,* 538 U.S. 500, 504 (2003).

## ANALYSIS

I.   **Davis v. United States, 139 S.Ct. 2319 (2019)**

Boatman relies on the Supreme Court's recent decision in *United States v. Davis,* 139 S. Ct. 2319 (2019) to claim that his conviction and sentence for using and carrying a firearm during a crime of violence, predicated on conspiracy to commit a Hobbs Act robbery should be vacated (Doc. 1).

### A. Applicable Law

On June 24, 2019, the United States Supreme Court issued its opinion in *United States v. Davis*, 139 S.Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and violates "the

twin constitutional pillars of due process and separation of powers." 139 S. Ct. at 2325. Thus, after *Davis*, only a crime of violence that fits the definition set out in the "force clause" of Section 924(c)(3)(A) will support an enhanced penalty.

> 18 U.S.C. § 924(c)(1)(A) provides for enhanced penalties for a person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and:
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the "force clause"] or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 924(c)(3).

Consequently, if Mr. Boatman's 924(c) conviction is based upon the force clause, i.e., "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as described in 924(c)(3)(A), it stands. If, however, it stems from the residual clause contained at 924(c)(3)(B), he is entitled to relief.

### B. Discussion

Boatman was charged with three counts; conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. §1951(a); interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 1951(a) and 1952; and, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (CR. 35). In layman's terms, the superseding indictment charged that the firearm in count four was used during the Hobbs Act robberies charged in counts two and three.

In the criminal matter, Boatman entered into a plea agreement in 2009 where he admitted he was guilty of the offenses charged in Counts 2-4 of the superseding indictment (CR. 128). As a part of the plea, Boatman signed a stipulation of facts wherein he stipulated that he pointed a loaded pistol at the victim while his codefendants searched and robbed the victim's home (*Id.*, p. 2). He also stipulated that there was a vehicle chase where shots were fired at the victim's car, as the victim attempted to follow the defendants during their getaway (*Id*). The vehicle proceeded from Alton through Granite City on Route 3, before crossing into St. Louis, Missouri where the vehicle crashed and the suspected crack cocaine and Glock were recovered (*Id.*).

A Hobbs Act robbery is a crime of violence pursuant to the elements (force) clause. *United States v. Fox,* 878 F.3d 574 (7th Cir. 2017) ("Hobbs Act robberies are crimes of violence under § 924(c)(3)(A)."). Additionally, because a Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause (force clause), it is a valid predicate for a § 924(c)(1)(A)(iii) conviction, *United States v. Anglin,* 846 F.3d 954 (7t Cir. 2017).

It is undisputed that the plea in the underlying criminal case occurred in 2009, while *Davis* was not decided until 2019. However, that is not the only predicate. There are no extraordinary circumstances nor were there any errors of constitutional or jurisdictional magnitude that resulted in a complete miscarriage of justice. Boatman plead guilty to the offenses charged and was sentenced accordingly.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Court

must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.

A petitioner's right to appeal a district court's denial of a Section 2255 petition is not absolute; it depends on whether the district court grants a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A certificate of appealability is warranted only where (1) a petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Boatman has not made a substantial showing that he was denied a constitutional right. Reasonable jurists could not debate whether there was a non-frivolous argument to support Boatman's claim. The Court therefore declines to issue a certificate of appealability.

## CONCLUSION

Monte Boatman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 7) is **DISMISSED** with prejudice. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: March 11, 2021**

                                                **/s/ Stephen P. McGlynn**
                                                **STEPHEN P. McGLYNN**
                                                **U.S. District Judge**